THE STATE EX REL. VILLAGE OF RICHFIELD *v.* LARIA, CLERK, ET AL.

[Cite as *State ex rel. Richfield v. Laria,* 138 Ohio St.3d 168, 2014-Ohio-243.]

*Mandamus—Court records—Public records—Sup.R. 44 through 47—R.C. 149.43—Adequate remedy at law—Writ denied.*

(No. 2013-0530—Submitted November 5, 2013—Decided January 24, 2014.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, the village of Richfield, asks this court for a writ of mandamus ordering respondents Kathryn Michael, the presiding judge of the Akron Municipal Court, and Jim Laria, the clerk of that court, to produce records that Richfield claims are public under R.C. 149.43. Respondents have refused to produce the records because they have been sealed. Richfield moved that this case be filed under seal, and we granted the motion.

{¶ 2} The public-records request was denied because the criminal records were placed under seal by a visiting judge, but Richfield claims that they were improperly sealed under R.C. 2953.52. Richfield filed a motion in the trial court to have the records unsealed, but the trial court denied the motion. We deny the writ because Richfield improperly requested court records under the Public Records Act, R.C. 149.43, rather than under Sup.R. 44 through 47, which control access to court records. But even if Richfield had requested the records under the rules, it could have appealed the trial court's denial of its motion and the refusal to unseal the records. Richfield had an adequate remedy at law and therefore cannot

satisfy the requirements of a writ of mandamus. Moreover, mandamus cannot be used to direct judicial discretion or as a substitute for appeal.

**Facts**

{¶ 3} Richfield is a municipal corporation located in Summit County. It petitioned in Akron Municipal Court to unseal certain criminal records. Richfield argued that it was entitled to the records under R.C. 2953.53(D), which allows the use of sealed records in a law-enforcement officer's defense of a civil action arising out of the officer's involvement in the underlying case. Richfield also argued that the records were never properly sealed because the municipal court had not followed the procedural requirements of R.C. 2953.52.

{¶ 4} Richfield filed a motion for an in camera inspection of the files. The municipal court conducted a closed hearing and in camera inspection on March 4, 2013. After the hearing, Richfield submitted a brief requesting that the records be unsealed because they had never been properly sealed. Judge Michael denied the motion to unseal the records, with some limited exceptions, on the ground that Richfield had not met the criteria under R.C. 2953.53(D) to unseal the records.

{¶ 5} Richfield then made a written request to the clerk of courts for the official criminal case records, citing the Public Records Act, R.C. 149.43. The request specifically described the documents as those that were the subject of the judge's entry denying the motion to unseal. The request claimed that because the records had not been properly sealed, they were public under R.C. 149.43. Respondents' attorney answered, stating only that no public records existed that satisfied the request.

{¶ 6} Richfield then filed this action in mandamus, asserting that to the extent that the requested records at issue here were sealed without regard to the requirements of R.C. 2953.52, they were sealed unlawfully.

**{¶ 7}** We granted an alternative writ and ordered the parties to submit evidence and briefs.

### Legal Analysis

**{¶ 8}** A threshold issue is whether Richfield brought the case under the proper law. Richfield invokes R.C. 149.43, the Public Records Act, rather than Sup.R. 44 through 47, to obtain court records. We amended the Rules of Superintendence by adopting Rules 44 through 47, effective July 1, 2009. Sup.R. 99(KK). Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the sole vehicle for obtaining such records in actions commenced after July 1, 2009. Sup.R. 47(A)(1); *see also State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, ¶ 23. We deny the writ first because Richfield requested the records under the Public Records Act rather than the Rules of Superintendence.

**{¶ 9}** But even if Richfield had requested the documents under Sup.R. 44 through 47, it cannot establish the lack of an adequate remedy at law. "To be entitled to the requested extraordinary relief in mandamus, relators must establish a clear legal right to access to the sealed records, a corresponding clear legal duty on the part of the judge to unseal them, and the lack of an adequate remedy in the ordinary course of law." *Wolff* at ¶ 22. Richfield had an adequate remedy at law and therefore cannot prove that it is now entitled to a writ of mandamus.

**{¶ 10}** Richfield argues that the records at issue were not properly sealed under R.C. 2953.52 and therefore should be publicly available. Judge Michael inspected the records in camera and disagreed, concluding that the records were to remain sealed. Richfield made no attempt to appeal Judge Michael's decision. Instead, Richfield made a public-records request for the same records that it knew had been sealed by court order. Richfield had an adequate remedy at law: it could have appealed Judge Michael's denial of the motion to unseal the records.

{¶ 11} Moreover, Richfield cannot use mandamus to challenge Judge Michael's discretion or as a substitute for appeal. "[M]andamus will not lie to control judicial discretion, even if that discretion is abused." *State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3, citing *State ex rel. Natl. City Bank v. Maloney*, 103 Ohio St.3d 93, 2004-Ohio-4437, 814 N.E.2d 58, ¶ 11, and R.C. 2731.03. " 'Mandamus cannot be used as a substitute for appeal * * *.' " *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57, 295 N.E.2d 659 (1973), quoting *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 24, 222 N.E.2d 312 (1966). We will not second-guess Judge Michael's decision finding that the records were properly sealed when Richfield had available an appeal on that issue.

{¶ 12} Therefore, even if Richfield had requested the records under Sup.R. 44 through 47 and even if the records were improperly sealed as Richfield asserts, the village cannot use mandamus to correct the mistake and render the records public when it had an adequate remedy at law by way of appeal.

{¶ 13} We deny the writ. The motion for clarification of the June 19, 2013 entry is denied.

Writ denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Walter Haverfield, L.L.P., William R. Hanna, Sara J. Fagnilli, and Leslie G. Wolfe, for relator.

Cheri B. Cunningham, Director of Law, and Michael H. Defibaugh, Assistant Director of Law, for respondents.

Paul Cox and Michael W. Piotrowski, for intervening respondents.

_____