[Cite as *State ex rel. Yambrisak v. Richland Cty. Adult Court*, 2016-Ohio-4622.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| THE STATE OF OHIO, EX REL., | : | JUDGES: |
| BRYAN E. YAMBRISAK | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Relator | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| RICHLAND COUNTY ADULT COURT | : | Case No. 15CA66 |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Writ of Mandamus


JUDGMENT:       Dismissed


DATE OF JUDGMENT:       June 20, 2016


APPEARANCES:

For Petitioner       For Respondent

BRYON E. YAMBRISAK, Pro Se       MARK LANDES
190 Vennum Avenue       MARK H. TROUTMAN
Mansfield, OH 44903       Two Miranova Place, Suite 700
       Columbus, OH 43215

*Farmer, P.J.*

{¶1}   Relator, Byron Yambrisak, has filed a Petition for Writ of Mandamus against Respondent alleging a violation of the Public Records Act (PRA) found in R.C. 149.43.

{¶2}   Respondent, Richland County Adult Court Services, has filed a motion to dismiss for failure to state a claim upon which relief may be granted.  Relator has filed a reply to that motion.

{¶3}   Respondent argues it had no clear legal duty to respond to a request made pursuant to the PRA because Respondent is part of the Court of Common Pleas. Records requests from courts are to be made pursuant to the Rules 44 through 47 of the Rules of Superintendence.

{¶4}   Relator misunderstands Respondent's argument.   Relator believes Respondent is arguing the request should have been made to the Court of Common Pleas.  Further, Relator maintains that had he made a request to the Court of Common Pleas, the request would have been rebuffed.  Respondent does not argue to whom the request should have been made.  Rather, Respondent argues that any request made to Respondent must be made pursuant to Rules of Superintendence and not pursuant to the PRA.

{¶5}   We must determine whether the probation department falls under the Rules of Superintendence or under the PRA.

{¶6}   "The General Assembly . . . authorized the Common Pleas Courts to establish county probation departments to support the judicial function of supervising probationers. R.C. 2301.27(A)(1); *State ex rel. Gordon v. Zangerle,* 136 Ohio St. 371,

376–377, 26 N.E.2d 190 (1940) at paragraph four of the syllabus." *State v. Heinz*, 2016-Ohio-2814, ¶ 11 (Ohio).

**{¶7}** The Supreme Court has characterized probation as a judicial function of supervision. Therefore, the probation department falls under the PRA as it is part of the judicial function of a court.

**{¶8}** The Supreme Court has explained, "A threshold issue is whether [Relator] brought the case under the proper law. [Relator] invokes R.C. 149.43, the Public Records Act, rather than Sup.R. 44 through 47, to obtain court records. We amended the Rules of Superintendence by adopting Rules 44 through 47, effective July 1, 2009. Sup.R. 99(KK). Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the sole vehicle for obtaining such records in actions commenced after July 1, 2009. Sup.R. 47(A)(1); *see also State ex rel. Vindicator Printing Co. v. Wolff,* 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, ¶ 23." *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 170, 2014-Ohio-243, 4 N.E.3d 1040, 1042, ¶ 8 (2014).

**{¶9}** All public records requests made to a court or an arm thereof, such as a probation department, must be made pursuant to the Rules of Superintendence. *Id.* Respondent has no clear legal duty to provide records under the PRA. In *Laria*, the Supreme Court held, "We deny the writ first because [Relator] requested the records under the Public Records Act rather than the Rules of Superintendence." *Id.* at 170.

Likewise in this case, Relator did not make his request under the proper law, therefore, the writ of mandamus will not issue. The motion to dismiss is granted.

By Farmer, P.J.

Delaney.J. and

Baldwin, J. concur.

SGF/as