[Cite as *Alt v. Cuyahoga Cty. Probation Dept.*, 2017-Ohio-4250.]

| | |
|---|---|
| SUSAN ALT | Case No. 2017-00175-PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| CUYAHOGA COUNTY PROBATION DEPARTMENT | |
| Respondent | |

{¶1} R.C.149.43(C) provides that a person allegedly aggrieved by a violation of division (B) of that section may either commence a mandamus action, or file a complaint under R.C. 2743.75. In mandamus actions alleging violations of R.C. 149.43(B), a relator must establish by "clear and convincing evidence" that they are entitled to relief. *State ex rel. Miller v. Ohio State Hwy. Patrol,* 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14. As for actions under R.C. 2743.75 alleging violations of R.C. 149.43(B), neither party has suggested that another standard should apply, nor is another standard prescribed by statute. R.C. 2743.75(F)(1) states that such claims are to be determined through "the ordinary application of statutory law and case law * * *." Accordingly, the merits of this claim shall be determined under a standard of clear and convincing evidence, i.e., "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶2} On February 22, 2017, requester Susan Alt filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B) by respondent Cuyahoga County Probation Department (Probation Department). On March 24, 2017, the court issued an order requiring Alt to submit an amended complaint

that: attaches a copy of the records request on which the complaint is based, supports her standing to enforce a request made by another person, and details whether she is requesting a new audit, or one that was in existence at the time of the request. On April 7, 2017, Alt filed an amended complaint and attachments. On April 14, 2017, the Probation Department filed a motion to dismiss. On April 17, 2017, Alt filed a reply to the motion to dismiss with attachments. The case proceeded to mediation, and on April 25, 2017, the court was notified that the case was not resolved and that mediation was terminated. On May 5, 2017, the Probation Department filed the response permitted by R.C. 2743.75(E)(2). On May 9, 2017, Alt submitted a "Reply-2nd Motion to Dismiss" that lacks a certificate of service, and shall therefore not be considered by the court. Civ.R. 5(B)(4).

{¶3} For the reasons stated below, the special master concludes, first, that Alt fails to show that she made a public records request to the Cuyahoga County Probation Department. Second, assuming arguendo that the proffered request had been made, the Probation Department is a branch of the Cuyahoga County Court of Common Pleas, and this court lacks jurisdiction over the records of any court case commenced on or after July 1, 2009. Third, a request for "a complete audit/breakdown of funds collected by the convictions of this the [sic] Task Force," is not a proper request for reasonably identified existing public records, but rather an impermissible request for the creation of a new record.

### Motion to Strike

{¶4} Page 3 of the Probation Department's May 5, 2017 motion to dismiss (response), contains averments regarding Alt's criminal history. This information is immaterial to a claim for public records, since any person may make a public records request for any purpose unless a specific law provides otherwise. R.C. 149.43(B)(1); *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 10. Alt is not subject to R.C. 149.43(B)(8), and the Probation Department cites no other law establishing the

materiality of this information. On the court's own initiative, I find that the material starting at response page 3, line 5, "Although not necessary to consider," through the end of the paragraph, is immaterial to the defense of this matter, and is ORDERED stricken.

**Motion to Dismiss**

{¶5} The Probation Department moves pursuant to Civ.R. 12(B)(6) to dismiss the complaint for failure to state a claim on the grounds that: 1) Alt lacks standing to bring this action; 2) the purported public records request was never made to the Probation Department; 3) as a department of the Cuyahoga County Court of Common Pleas, the Probation Department is not subject to R.C. 149.43; 4) Alt makes an impermissible request to create new records; and 5) the requested records are excepted by R.C. 149.43(A)(1)(b) ("records pertaining to probation and parole proceedings or to proceedings related to the imposition of community control sanctions and post-release control sanctions.").

{¶6} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell* at 193.

**Standing Where Records Request Made by Colleague**

{¶7} R.C. 149.43(C) provides that "a person allegedly * * * aggrieved by the failure of a public office" to comply with R.C. 149.43(B) may file a claim pursuant to R.C. 2743.75. The Probation Department argues that since Alt did not make the purported records request herself she is not a person "allegedly aggrieved," and her claim must be

dismissed for lack of standing. However, a person seeking public records may make her request through a designee. *State ex rel. Quolke v. Strongsville City Sch. Dist. Bd. of Educ.*, 142 Ohio St.3d 509, 2015-Ohio-1083, ¶ 15-24; *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 427, 639 N.E.2d 83 (1994); *State ex rel. Sensel v. Leone*, 12th Dist. Butler No. CA97-05-102, 1998 Ohio App. LEXIS 434, *17 fn. 3, reversed on other grounds 85 Ohio St.3d 152 (1999). The author of the purported records request in this case avers that she and Susan Alt were colleagues in a project described as "to obtain public records from Cuyahoga County, Ohio." (amended complaint, Ex. A (1) Mitchell Aff.). The request at one point states, "We are requesting * * *." (*Id.*, Ex. B), which suggests a joint enterprise. I find this evidence sufficient to establish that Mitchell was Alt's designee for purposes of the purported records request and that Alt is therefore an "allegedly aggrieved" person within the meaning of R.C. 149.43(C).

### No Evidence That Request Was Made to Respondent

{¶8} To demonstrate a denial of access to public records in violation of R.C. 149.43(B), an allegedly aggrieved person must first show that they made a request to the named public office. "R.C. 149.43(C) requires a prior request as a prerequisite to a mandamus action." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, ¶ 14. "There can be no 'failure' of a public office to make a public record available 'in accordance with division (B),' without a request for the record under division (B)." *State ex rel. Bardwell v. Ohio Atty. Gen.*, 181 Ohio App.3d 661, 2009-Ohio-1265, ¶ 5 (10th Dist.).[1]

{¶9} Alt provides no evidence that she or her colleague Jackie Mitchell made a public records request to the Probation Department. R.C. 2743.75 (D)(1) requires an allegedly aggrieved person to attach to the complaint "copies of the original records request and any written responses or other communications relating to the request from

---

[1] For the same reason, Alt's post-complaint request of March 28, 2017, attached to her reply to motion to dismiss, is not considered as part of this action.

the public office or person responsible for public records." Alt provided only an email dated September 30, 2016 that reads, in pertinent part:

{¶10} "Subject: RE: Open Records Request: Restitution & Forfeiture accounting from Cuayhoga [sic] County Prosecutor

{¶11} To Whom It May Concern:

{¶12} Please direct this request to the Probation Department.

• * *."

(amended complaint, Ex. B.) The email containing the request does not bear either an email or street address of the addressee. From the forwarding language in the email: "Please direct this request to the Probation Department," I infer that the email was not addressed to the Probation Department, or to any individual within the Probation Department. Alt submits no evidence that the email was actually forwarded to or received by the Probation Department. The affidavit of Jackie Mitchell, the signatory of the request, also fails to establish to whom her September 30, 2016 email was directed. She makes only the statement that:

> "I initiated numerous email requests for documents to various departments within Cuyahoga County government from June 2016 to present through my account at Muckrock, an online FOIA and Records Request tracking service."

A public records request must be made to the public office that keeps the desired records, not just handed to another public office that is not responsible for the records. *Cvijetinovic v. Cuyahoga Cty. Auditor*, 8th Dist. Cuyahoga No. 96055, 2011-Ohio-1754, ¶ 1-4; *State ex rel. Keating v. Skeldon*, 6th Dist. Lucas No. L-08-1414, 2009-Ohio-2052, ¶ 7-17. Mitchell's follow-up emails are also labeled "To Whom It May Concern," and lack any destination address. They also reference a June 8, 2016 request, rather than the September 30, 2016 request that is the subject of this action. (amended complaint, Ex. B.) In its motion to dismiss, the Probation Department makes no admission of receipt of the claimed request. Based on this lack of evidence, I find that Alt has failed

to demonstrate by clear and convincing evidence that the alleged request was made to the Probation Department. I therefore recommend that the complaint be DISMISSED pursuant to Civ.R. 12(B)(6) for failure to state a claim.

**Court of Claims Lacks Jurisdiction Over Court Records for Cases Commenced After July 1, 2009**

{¶13} While the Ohio Public Records Act, R.C. 149.43, applies to most public offices, Ohio's courts of record are now governed by the Rules of Superintendence for the Courts of Ohio (Sup.R.). "Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the sole vehicle for obtaining such records in actions commenced after July 1, 2009. Sup.R. 47(A)(1); *see also State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, ¶ 23." *State ex rel. Vill. of Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 8. "All public records requests made to a court or an arm thereof, such as a probation department, must be made pursuant to the Rules of Superintendence." (Citation omitted.) *State ex rel. Yambrisak v. Richland Cty. Adult Court*, 5th Dist. Richland No. 15CA66, 2016-Ohio-4622, ¶ 6-9. The Probation Department is a department of the Cuyahoga County Court of Common Pleas. R.C. 2301.27(A)(1)(a). Its case records are thus governed by Sup.R. 44-47 for cases commenced after July 1, 2009.[2]

{¶14} In Exhibit C of the amended complaint, Alt lists case numbers for which she seeks an audit or breakdown. Both these case numbers, and the 2002-2010 timespan of convictions referenced in the original request, establish that some of the cases in which Alt is interested were commenced before July 1, 2009, and others were commenced afterward. To the extent that her request involves court records of cases commenced on or after July 1, 2009, a request under the Rules of Superintendence is

---

[2] Neither party alleges that purportedly responsive records in this case would be "administrative records" rather than "case records." Sup.R. 44 through 47 apply retroactively to all court administrative records. Sup.R. 47(A)(2).

the sole vehicle for obtaining those records. However, case documents in actions commenced before July 1, 2009 remain subject to the Public Records Act. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, ¶ 21 fn. 2; *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 11 fn. 2.

{¶15} The public records access program in the Court of Claims applies only to disputes alleging a denial of access to public records "in violation of division (B) of section 149.43 of the Revised Code." R.C. 2743.75(A), (C)(1), (F)(3), and (G)(2). This special statutory proceeding does not confer authority to hear appeals from denial of access to court records governed by Sup.R. 44-47. Therefore, to the extent that Alt seeks court case records from cases commenced on or after July 1, 2009, this court lacks jurisdiction over her claim. I therefore recommend that the complaint be DISMISSED pursuant to Civ. R. 12(B)(1) for lack of jurisdiction to the extent that the request seeks case records of actions commenced on or after July 1, 2009.

**Request for the Creation of New Records**

{¶16} A public office is only required to produce existing records, and has no obligation to create new records for a requester. *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, ¶ 30; *Norris v. Budgake,* 89 Ohio St.3d 208, 209, 729 N.E.2d 758 (2000); *State ex rel. White v. Goldsberry*, 85 Ohio St.3d 153, 154, 707 N.E.2d 496 (1999); *Salemi v. Cleveland Metroparks*, 8th Dist. Cuyahoga No. 100761, 2014-Ohio-3914, ¶ 29-30; *State ex rel. Evans v. City of Parma*, 8th Dist. Cuyahoga No. 81236, 2003-Ohio-1159, ¶ 14.

{¶17} The original records request states:

"Pursuant to the Ohio Open Records Law, I hereby request the following records: from 2002-2010 numerous persons were convicted of mortgage fraud crimes by the Cuyahoga County Mortgage Fraud Task Force in Ohio. 100s of those convicted paid money directly to Cuyahoga County Prosecutor which were labeled as forfeiture and/or restitution. We are requesting a complete audit/breakdown of funds collected by the convictions of this the [sic] Task Force."

(amended complaint, Ex. B.)    The language of the request seeks a "complete audit/breakdown" rather than identifying an existing audit by date, author, or other identifying features.  The court invited Alt to clarify whether there was an existing audit, or whether she sought to have the Probation Department perform a new audit.  (order of March 24, 2017.)  Alt failed to do so.  She instead submitted documents referencing the Cuyahoga County Mortgage Fraud Task Force, and the Report and Bureau of Justice Administration application related thereto, and "3 random sentencing dockets," (amended complaint Ex. C.)  None of these documents reference the existence of a complete audit/breakdown of funds collected by the convictions of the Task Force.  Alt's unsupported belief that "Requester evidences that various offices of Cuyahoga County * * * have confirmed that public records in this matter indeed exist and that the [Probation Department] is the holder of the said records referenced in this Complaint" (amended complaint p. 1) does not constitute sufficient evidence to establish that a responsive document exists.  *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 26; *State ex rel. Gooden v. Kagel,* 138 Ohio St.3d 343, 2014-Ohio-869, ¶ 8.

{¶18} I conclude that Alt improperly requested the creation of a new record, rather than an existing record of the Probation Department.  I therefore recommend that the complaint be DISMISSED pursuant to Civ.R. 12(B)(6) for failure to state a claim for which relief may be granted under R.C. 149.43(B).

### Application of R.C. 149.43(A)(1)(b)

{¶19} R.C. 149.43(A)(1) provides that:

"'Public Record' does not mean any of the following:  * * *

(b) Records pertaining to probation and parole proceedings or to proceedings related to the imposition of community control sanctions and post-release control sanctions."

The statute cross-references definitions of "community control sanctions" and "post-release control" at division (A)(9) and (10). The Probation Department argues that the request for records in this matter appears to be seeking records pertaining to probation proceedings from Respondent. (response p. 12.) In light of the findings above that no responsive records exist in this case for the court to review, I recommend that the court decline to render an advisory decision based on hypothetical facts.

### Conclusion

{¶20} Upon consideration of the pleadings and attachments, I find that Alt has failed to establish by clear and convincing evidence that the Probation Department violated division (B) of R.C. 149.43. There is no evidence that Alt's colleague ever made the proffered records request to the Probation Department. Further, this court lacks jurisdiction over Alt's claim to the extent that it seeks court case records from cases commenced on or after July 1, 2009. Finally, the request as worded improperly demands that the Probation Department create new records. Accordingly, I recommend that the court issue an order DISMISSING Alt's claim.

{¶21} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFFERY W. CLARK
Special Master

Case No. 2017-00175-PQ          -10-      REPORT AND RECOMMENDATION

cc:

Susan Alt
47 Parkwood Drive
Shelby, Ohio 44875

Nora E. Graham
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

**Filed May 16, 2017**
**Sent to S.C. Reporter 6/13/17**