[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Husband v. Shanahan,* Slip Opinion No. 2019-Ohio-1853.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1853

THE STATE EX REL. HUSBAND, APPELLANT, *v.* SHANAHAN, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Husband v. Shanahan,* Slip Opinion No. 2019-Ohio-1853.]**

*Mandamus—Erroneous application of R.C. 149.43—Rules of Superintendence for the Courts of Ohio apply to public-records requests from a court—Court of appeals' dismissal affirmed.*

(No. 2018-0995—Submitted February 19, 2019—Decided May 16, 2019.)

APPEAL from the Court of Appeals for Hamilton County, No. C-180042.

_____

**Per Curiam.**

{¶ 1} Appellant, Louis Husband, appeals the judgment of the First District Court of Appeals dismissing his petition for a writ of mandamus to compel appellee, Judge Megan E. Shanahan of the Hamilton County Court of Common Pleas, to provide public records relating to his incarceration. We affirm.

**Background**

{¶ 2} In 2006, Husband was convicted of aggravated burglary, abduction, and rape in the Hamilton County Common Pleas Court and was sentenced to 65 years in prison. In April and July 2016, Husband filed motions in the trial court seeking, respectively, the inspection and release under R.C. 149.43 of public records relating to his case. In May and July 2016 entries, Judge Shanahan denied Husband's motions, noting that Husband could access all publicly available records through the clerk of courts.

{¶ 3} On January 22, 2018, Husband filed a petition for a writ of mandamus in the First District Court of Appeals, seeking to compel Judge Shanahan to release the court records relating to his case. The court of appeals granted a motion to dismiss the writ, holding that since Husband is incarcerated, he is subject to R.C. 149.43(B)(8), which requires the sentencing court to first determine that the court records are necessary to support a justiciable claim. The court of appeals denied Husband's motion for reconsideration. Husband appealed.

**Law and Analysis**

{¶ 4} We review a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. A court can dismiss a mandamus action under Civ.R. 12(B)(6) "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

{¶ 5} The parties and the court of appeals erroneously applied the Ohio Public Records Act, R.C. 149.43, to Husband's records request. When a requester seeks public records from a court, the Rules of Superintendence for the Courts of Ohio apply. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 8; *see also* Sup.R. 47(A)(1). "Sup.R. 44 through 47 deal

specifically with the procedures regulating public access to court records and are the *sole vehicle* for obtaining such records in actions commenced after July 1, 2009." (Emphasis added.) *Laria* at ¶ 8; *see also State ex rel. Harris v. Pureval*, 155 Ohio St.3d 343, 2018-Ohio-4718, ___ N.E.3d ___ (Rules of Superintendence apply to inmate's 2017 request for court records from the 1990s).

**{¶ 6}** Husband improperly sought records under the Public Records Act rather than the Rules of Superintendence. Although the court of appeals' rationale for dismissing this case was incorrect, we will not reverse a correct judgment, *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, 880 N.E.2d 919, ¶ 4.

Judgment affirmed.

FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

O'CONNOR, C.J., concurs in judgment only, with an opinion.

KENNEDY and DEWINE, JJ., concur in judgment only.

_____

**O'CONNOR, C.J., concurring in judgment only.**

**{¶ 7}** I concur in the court's judgment, but I would affirm both the rationale and the decision of the court of appeals finding that appellant, Louis Husband, is not entitled to the records he seeks, because he failed to comply with R.C. 149.43(B)(8). This court has previously affirmed the denial of an incarcerated person's mandamus petition to compel the production of public records because he failed to obtain a release from the sentencing court prior to making the records request. *State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, 976 N.E.2d 889, ¶ 2. We should do so again here.[1]

---

[1] This concurring opinion assumes that Husband was seeking records from the court because he filed his mandamus action against appellee, Judge Megan Shanahan. To the extent Husband is not seeking records from the court but instead challenging the trial court's decision on his motion for release of public records pursuant to R.C. 149.48(B)(8), Husband's proper recourse was to appeal that decision.

**{¶ 8}** The court of appeals determined that Ohio's Public Records Act controls the outcome in this case. I agree. Through the Public Records Act, the legislature has granted a substantive right—the right to inspect and copy public records. *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 19. A subsection of the act, R.C. 149.43(B)(8), limits the right of inmates to access certain records. When an incarcerated person requests those public records, R.C. 149.43(B)(8) exempts public-record holders from the requirement to make them available, without the sentencing court's release:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

**{¶ 9}** The majority opinion concludes that the Rules of Superintendence for the Courts of Ohio control here. This court promulgated those rules pursuant to the Ohio Constitution, which vests us with "general superintendence over all courts in the state." Ohio Constitution, Article IV, Section 5(A)(1). That power includes the authority to "prescribe rules governing practice and procedure in all courts of the

state, which rules shall not abridge, enlarge, or modify any substantive right." Ohio Constitution, Article IV, Section 5(B). We have held that the Rules of Superintendence "are the sole vehicle for obtaining such records," *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 8.

{¶ 10} But even though Sup.R. 44 through 47 provide the sole *procedural* method for obtaining public records from a court, we are not entitled to use those procedural rules to enlarge a substantive right. Allowing the Rules of Superintendence to control over the Public Records Act unconstitutionally extends the substantive right of inmates to access certain public records beyond the boundaries set by the General Assembly. *See, e.g.*, *State v. Slatter*, 66 Ohio St.2d 452, 454, 423 N.E.2d 100 (1981) ("a statute will control a rule on matters of substantive law").

{¶ 11} This does not mean that the Rules of Superintendence pertaining to court records are unconstitutional or that they have no application to this case. A court rule and a state law can coexist unless they are in conflict. *See Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.*, 76 Ohio St.3d 374, 376, 667 N.E.2d 1189 (1996); *see also* Ohio Constitution, Section 5(B), Article IV. I find no apparent conflict here. By its terms, R.C. 149.43(B)(8) applies generally to an inmate's access to public records without excluding those records held by courts. Accordingly, for applicable records, the limits R.C. 149.43(B)(8) places on the substantive rights of inmates govern the process for obtaining public records under both the Public Records Act and Sup.R. 44 through 47. Therefore, I would hold that when seeking records covered by R.C. 149.43(B)(8), an incarcerated person must obtain the release of the sentencing court to establish entitlement to records sought through either the Public Records Act or Sup.R. 44 through 47.

{¶ 12} While I agree with the majority opinion that Husband employed the wrong procedures to obtain records from the court—making his request pursuant

to the Public Records Act rather than the Rules of Superintendence—I would conclude that that was merely an alternative reason to deny the request. I would affirm the court of appeals' decision and rationale rather than relying on that alternative reasoning, because without the sentencing court's release under R.C. 149.43(B)(8), Husband was not entitled to obtain records pursuant to the procedure outlined in the Rules of Superintendence.

_____

Louis Husband, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

_____