[Cite as *Isreal v. Franklin Cty. Clerk*, 2019-Ohio-2630.]

| | |
|---|---|
| MICHAEL ISREAL | Case No. 2019-00547PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> |
| FRANKLIN COUNTY CLERK | |
| Respondent | |

{¶1} Requester Michael Isreal objects to a special master's recommendation to dismiss Isreal's complaint.

## I.  Background

{¶2} On April 24, 2019, Isreal sued Franklin County Clerk of Courts Maryellen O'Shaughnessy, asserting a denial of access to public records in violation of R.C. 149.43.  The court appointed an attorney as a special master in the cause.  On April 26, 2019, the special master recommended dismissal of Isreal's complaint pursuant to Civ.R. 12(B)(1) (lack of subject-matter jurisdiction).  One business day after Isreal received a copy of the special master's recommendation, Isreal filed a "Memorandum Contra-Reconsideration Motion" which the court construes as a written objection to the special master's recommendation.

{¶3} Respondent Franklin County Clerk has not filed a response to Isreal's objection.

## II.  Law and Analysis

{¶4} R.C. 2743.75 does not expressly permit a party to file a written objection to a special master's recommendation to dismiss.  *Compare* R.C. 2743.75(D)(2) (stating that "[n]otwithstanding any provision to the contrary in this section, upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time") with R.C. 2743.75(F)(2) (permitting either party to object to special master's report and recommendation within seven business days after

receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested).

{¶5} In the objection Isreal asks that "clear, accurate, public records be provided to every citizen upon request within a reasonable time according to The Ohio Public Records Act. R.C. 149.43 the laws of the State of Ohio, The Sunshine Law" and that "[t]he Clerk Office to tell why they have not responded to Isreal's 12/05/2018 Public Information Requests." A careful review of Isreal's objection discloses, however, that Isreal has not stated with particularity any challenge to the special master's determination that this court lacks subject-matter jurisdiction relative to Isreal's complaint.

{¶6} In *State ex rel. Village of Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, the Supreme Court of Ohio discussed the procedure for regulating public access to court records in actions commenced after July 1, 2009. In *Laria,* the Court was asked to issue a writ of mandamus ordering the presiding judge of the Akron Municipal Court and the clerk of the Akron Municipal Court to produce records that were claimed to be public under R.C. 149.43. Denying the requested writ, the Ohio Supreme Court explained: "A threshold issue is whether [the relator] brought the case under the proper law. [Relator] invokes R.C. 149.43, the Public Records Act, rather than Sup.R. 44 through 47, to obtain court records. We amended the Rules of Superintendence by adopting Rules 44 through 47, effective July 1, 2009. Sup.R. 99(KK). *Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the sole vehicle for obtaining such records in actions commenced after July 1, 2009.*" (Emphasis added.) *Laria* at ¶ 8.

{¶7} And in *State ex rel. Husband v. Shanahan*, Slip Opinion No. 2019-Ohio-1853, ¶ 5, the Ohio Supreme Court recently stated: "When a requester seeks public records from a court, the Rules of Superintendence for the Courts of Ohio apply. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 8; *see*

*also* Sup.R. 47(A)(1). 'Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are *the sole vehicle* for obtaining such records in actions commenced after July 1, 2009.' (Emphasis added.) *Laria* at ¶ 8; *see also State ex rel. Harris v. Pureval*, 155 Ohio St.3d 343, 2018-Ohio-4718, ___ N.E.3d ___ (Rules of Superintendence apply to inmate's 2017 request for court records from the 1990s)."

{¶8} A review of the record before the court discloses that Isreal's complaint concerns a denial of access in 2018 to the Franklin County Clerk of Courts' online docket and e-file system. Thus, Isreal's complaint pertains to a denial of access to court records. It follows therefore that, under *Laria* at ¶ 8 and *Shanahan* at ¶ 5, Sup.R. 44 through 47 provide Isreal with the sole vehicle for obtaining access to court records. However, under R.C. 2743.75(A) this court does not have jurisdiction to adjudicate disputes arising out of an alleged denial of access to court records in violation of Sup.R 44 through 47. *Compare* R.C. 2743.75(A) (conferring jurisdiction upon this court to resolve disputes alleging a denial of access to public records in violation of R.C. 149.43(B)) with Sup.R. 47(B) (providing that a person aggrieved by the failure of a court or clerk to comply with the requirements of Sup.R 44 through 47 may pursue an action in mandamus pursuant to R.C. Chapter 2731).

{¶9} The court finds that the special master's recommendation to dismiss Isreal's complaint for lack of subject-matter jurisdiction is well-taken. The court holds that Isreal's written objection should be overruled.

## III. Disposition

{¶10} For reasons set forth above, and upon independent review of the objected matters, the court OVERRULES Isreal's objection to the special master's recommendation. In accordance with R.C. 2743.75(D)(2), and upon the special master's recommendation, the court on its own motion DISMISSES Isreal's complaint. Judgment is rendered in favor of respondent Franklin County Clerk. Court costs are

assessed against Isreal.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　PATRICK M. MCGRATH
　　　　　　　　　　　　　　　　　　　　　　　Judge

**Filed May 28, 2019**
**Sent to S.C. Reporter 6/28/19**