[Cite as *Townsend v. Cuyahoga Cty. Pros.*, 2019-Ohio-4604.]

| ALBERT J. TOWNSEND | Case No. 2019-00922PQ |
|---|---|
| Requester | Special Master Jeff Clark |
| v. | REPORT AND RECOMMENDATION |
| CUYAHOGA COUNTY PROSECUTOR, et al. | |
| Respondents | |

{¶1} On August 30, 2019, requester Albert Townsend filed a complaint pursuant to R.C. 2743.75 alleging denial of his requested access to public records by respondents Michael O'Malley, Cuyahoga County Prosecutor (prosecutor), and Judge Daniel Gaul, in violation of the Ohio Public Records Act, R.C. 149.43(B). Attached to the complaint are letters and pleadings requesting records of various criminal investigations. (Complaint at 4-6, 12-18). Townsend did not attach any written responses or other communications from respondents relating to the requests. On September 25, 2019, the prosecutor filed a response asserting that 1) Townsend did not make any public records request directly to the prosecutor, and 2) the prosecutor would have no obligation to respond to a request from Townsend, an inmate, for records of any criminal investigation.

{¶2} The Public Records Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. Claims for enforcement of the Act under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

**Inmate Request for Records of Investigation or Prosecution**

{¶3} Townsend lists his address as "Richland Corr. Inst., P.O. Box 8107, Mansfield, Ohio." (Complaint at 1.) The complaint states that "since I've been incarcerated here at The Richland Correctional Inst., I've been requesting * * *." (*Id.* at 3.) Townsend's request to the Cuyahoga County Clerk of Court references his ongoing incarceration at the Richland Correctional Institution. (*Id.* at 5.) Townsend represents that he has been a person incarcerated pursuant to a criminal conviction at all times relevant to this action.

{¶4} Incarcerated persons must comply with specific requirements and procedures to make public records requests concerning any criminal investigation or prosecution:

> (8) A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section *and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.*

(Emphasis added.) R.C. 149.43(B)(8). If an incarcerated person does not follow these requirements, an action to enforce his request will be dismissed. *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9-17 (under prior codification as R.C. 149.43(B)(4)); *Hall v. State*, 11th Dist. Trumbull No. 2008-T-0073, 2009-Ohio-404.

{¶5} Townsend states that he seeks the requested records in aid of appeal of his criminal conviction. (Complaint 1-3.) On review, all of the requests attached to the complaint appear to be for records "concerning criminal investigations or prosecutions"

within the meaning of R.C. 149.43(B)(8).[1] However, Townsend's requests did not include or allege the existence of the required finding of necessity by his sentencing judge. Townsend therefore fails to show that he has followed the mandatory procedures set out in R.C. 149.43(B)(8). The prosecutor thus had no obligation to permit Townsend to obtain copies of any of the requested records.

**Failure to Show Delivery of Public Records Request**

{¶6} Separately, the prosecutor notes that Townsend "did not make an original public records request directly to this office." (Response at 1.) Townsend sent a FOIA request to the Cuyahoga County Clerk of Court bearing a certificate of service date of March 18, 2019, asking the clerk to thereafter serve the prosecutor.[2] The complaint does not allege actual receipt of the letter by the prosecutor, and does not attach any written response from the prosecutor or other indicia of delivery of the request. Nor does requester point to any requirement that the clerk transmit public records requests to the prosecutor.

{¶7} A claim that a public office has failed to comply with R.C. 149.43(B) is not ripe until a specific request has been made and denied. *Strothers v. Norton,* 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14; *State ex rel. Bardwell v. Cordray*, 181 Ohio App.3d 661, 664, 2009-Ohio-1265, 910 N.E.2d 504, ¶ 5. The clerk of courts and the county prosecutor are separate public offices, and delivery of a document to one does not amount to delivery to the other under the facts and circumstances of this case. I find that Townsend has not shown by clear and convincing evidence that he actually delivered this public records request to the prosecutor, or triggered any obligation for response thereto.

---

[1] This language includes offense and incident reports for the purposes of the statute. *Russell v. Thornton* at ¶ 15-16.

[2] The title of the request includes "DATE 1-31-2019." Requester does not explain the disparity between these dates.

{¶8} Townsend attaches a "motion requesting all withheld Brady material" pursuant to Crim.R. 16, and a "motion for all pretrial, trial transcripts, jury verdict forms at state expense," both of which are captioned as filings in Cuyahoga County Common Pleas Case No. CR-17-614508-A (Complaint at 6, 13-15). By their express terms, these pleadings are not public records requests, but are court filings alleging entitlement to evidence and transcripts under criminal procedure. To the extent Townsend complains that he received incomplete discovery responses in the course of his criminal litigation, R.C. 2743.75 provides no authority to adjudicate such non-public records matters.

{¶9} Although the prosecutor did not respond on behalf of respondent Judge Daniel Gaul, the court may take notice that the record contains no public records request made to Judge Gaul. Townsend's FOIA request of March 18, 2019 to the clerk of courts mentions Judge Gaul's name in listing the records sought, but is not a public records request made to the judge himself. The only attachment to the complaint reflecting a public records request by Townsend to *any* judge is an undated "motion for order compelling release of public records" in one of his earlier criminal actions (Complaint at 18), but Townsend does not name the judge in that action as a respondent here.

{¶10} Townsend therefore fails to show by clear and convincing evidence that he made any public records request to Judge Gaul in the first instance. Moreover, even had he made a public records request to Judge Gaul, requests for court case records in actions commenced after July 1, 2009, must be made pursuant to the Rules of Superintendence, and not under the Public Records Act. Sup.R. 47(A)(1); *State ex rel. Village of Richfield v. Laria,* 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 8. This court may dismiss the request to enforce such a request for lack of subject matter jurisdiction.

**The Federal Freedom of Information Act Does Not Apply To Nonfederal Agencies**

{¶11} Townsend sent an otherwise uncaptioned "FREEDOM OF INFORMATION ACT REQUEST" to the Cuyahoga County Clerk of Court on March 18, 2019. The request stated as its sole basis: "This is a request under provision of Title 5 USC, Sec 552, The Freedom of Information Act." (Complaint at 4.) However, requests for government records from state or local agencies in Ohio are governed only by the Public Records Act, R.C. 149.43. The federal Freedom of Information Act (FOIA) is a federal law that does not apply to state or local agencies or officers. *State ex rel. Warren v. Warner*, 84 Ohio St.3d 432, 433, 704 N.E.2d 1228 (1999); *State v. Heid*, 4th Dist. Scioto No. 14CA3668, 14CA3669, 2015-Ohio-1502, ¶ 10; 5 U.S.C., Sections 551(1) and 552(f). This is an independently sufficient additional ground to deny any request made in the March 18, 2019 document.

### Conclusion

{¶12} Based on the above, requester has failed to show by clear and convincing evidence that respondents have committed any violation of R.C. 149.43(B). I recommend that the court DENY requester's claim for production of records.

{¶13} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*


JEFF CLARK
Special Master

**Filed October 4, 2019**
**Sent to S.C. Reporter 11/8/19**