[Cite as *Sell v. Trumbull Cty. Court of Common Pleas*, 2023-Ohio-627.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| JAMIE L. SELL | Case No. 2022-00867PQ |
| Requester | Special Master Todd Marti |
| v. | <u>RECOMMENDATION TO DISMISS</u> |
| TRUMBULL COUNTY COURT OF COMMON PLEAS | |
| Respondent | |

{¶1} This matter comes before the court on a R.C. 2743.75(D)(2) examination of the complaint. Based on that examination the special master recommends that the case be dismissed for lack of subject matter jurisdiction.

**Background**

{¶2} Requester Jamie Sell made a R.C. 149.43 public records request for a copy of the audiotape of a criminal trial held in the Trumbull County Court of Common Pleas. The request was directed to that court. The court's administrative judge considered and denied the request based on the Rules of Superintendence for the Courts of Ohio. Sells filed this case pursuant to R.C, 2743.75 and named the Trumbull County court as the respondent. *Ohio Court of Claims Public Records Access Complaint*, filed December 22, 2023.

{¶3} Mediation was unsuccessful and the case is back on this court's active docket. *Notice of Termination of Mediation*, entered February 14, 2023.

**Analysis**

{¶4} R.C. 2743.75(D)(2) requires the special master to examine complaints and authorizes him to recommend dismissal if appropriate. A dismissal is appropriate if the

requester's claims are beyond this court's subject matter jurisdiction. *Isreal v. Franklin Cty. Clerk*, Ct. of Cl. No. 2019-00547PQ, 2019-Ohio-2630, ¶¶ 9-10. That is appropriate here.

{¶5} The Court of Claims "may exercise only such powers as are directly conferred by legislative action." *State ex rel. DeWine v. Court of Claims of Ohio*, 130 Ohio St.3d 244, 2011-Ohio-5283, 957 N.E.2d 280, ¶ 19. The extent of this court's jurisdiction over public records matters is set by R.C. 2743.75(A)(1). It gives the court jurisdiction over claims alleging violations of R.C. 149.43(B). Requests for court records are outside the scope of R.C.149.43(B), so cases seeking access to court records are beyond the jurisdiction conferred by R.C. 2743.75. *State ex rel. Harris v. Pureval*, 155 Ohio St.3d 343, 2018-Ohio-4718, 121 N.E.3d 337, ¶ 10; *Isreal*, 2019-Ohio-2630, ¶¶ 8-10.

{¶6} The record Sell seeks is a court record. She requested "the audio recording[] of Austin T. Burke's March 2017 criminal trial[.]" *Complaint*, p. 2. A "*document … submitted to a court … in a judicial action or proceeding*" is a court record. Supp. R. 44(B), (C)(1) (emphasis added). The recording is a "document" because the term "embraces any information stored on …any [] medium," *Black's Law Dictionary,* 609, (11th Ed. 2019), "regardless of physical form or characteristic, manner of creation, or method of storage." Supp R. 44(B). It was "submitted to a court" because such recordings are "maintained … in the manner directed by the trial court," and "The trial court has custody and control over the electronic recordings of proceedings," Supp. R. 11(C) and the comments thereto.. A criminal trial in a common pleas court is a "judicial proceeding." The recording is therefore a court record.

{¶7} In sum, R.C. 2743.75(A) limits this court's public records jurisdiction to cases alleging violations of R.C. 149.43(B), claims for court records are beyond the scope of R.C. 149.43(B), Sells seeks court records, so her claim is beyond this court's jurisdiction.

**Recommendation**

{¶8} The special master recommends that the court dismiss this case pursuant to R.C. 2743.75(D)(2) because Sell's claim is beyond the court's subject matter jurisdiction.

{¶9} The special master further recommends that Requester Sell should bear the costs of this case.

{¶10} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
TODD MARTI
Special Master

**Filed February 14, 2023**
**Sent to S.C. Reporter 3/2/23**