[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Pureval,* Slip Opinion No. 2018-Ohio-4718.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4718

THE STATE EX REL. HARRIS, APPELLANT, *v.* PUREVAL, CLERK, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Pureval,* Slip Opinion No. 2018-Ohio-4718.]

*Mandamus—Writ sought to compel county clerk of courts to produce certain public records—Court of appeals' judgment denying writ affirmed in part and reversed in part, and limited writ of mandamus granted.*

(No. 2017-1583—Submitted June 12, 2018—Decided November 28, 2018.)

APPEAL from the Court of Appeals for Hamilton County, No. C-170226.

_____

**Per Curiam.**

{¶ 1} Appellant, Lionel Harris, appeals the denial of his complaint for a writ of mandamus to compel appellee, Aftab Pureval, Hamilton County Clerk of Courts, to produce public records. We affirm in part and reverse in part the judgment of the First District Court of Appeals and grant a limited writ of mandamus.

**Background**

{¶ 2} Harris was charged in 1991 with aggravated murder in Hamilton County in case No. B-910789. His case was initially placed on the docket of Common Pleas Court Judge Thomas Nurre, but a visiting judge, Judge Donald Schott, was assigned to preside over the trial. *See State ex rel. Harris v. Hamilton Cty. Court of Common Pleas*, 139 Ohio St.3d 149, 2014-Ohio-1612, 9 N.E.3d 1057, ¶ 2-3. The jury convicted Harris, and Judge Schott orally sentenced Harris to serve a prison term of 20 years to life. *Id*. at ¶ 3. The judgment entry of sentencing was signed by Judge Nurre "for Schott, J." *Id*. at ¶ 4.

{¶ 3} In April 2013, Harris filed an extraordinary-writ action to declare his conviction void because the sentencing entry was signed by someone other than the assigned judge. The court of appeals dismissed the complaint. We affirmed, calling such signing a " ministerial act" and explaining that one judge may sign a sentencing entry in place of the assigned judge, without a formal assignment, "when the assigned judge has already imposed sentence and the entry correctly reflects that sentence and the assigned judge's name." *Id.* at ¶ 9.

{¶ 4} On April 18, 2017, Harris sent a public-records request to the Hamilton County Clerk of Courts, by certified mail, requesting six documents "pertaining to case no. B-9106789 [sic]." Three of the requested documents related to the assignment of judges:

> 1. The assignment document or documents from October 1, 1991 through January 29, 1992 from the administrative judge assigning the case originally to Judge Thomas C. Nurre.
> * * *
> 3. The Certificate of Assignment from the Chief Justice or acting Chief Justice of the Ohio Supreme Court assigning the case to Judge Donald L. Schott.

2

* * *

5. The assignment document or documents that reassigned the case back to Judge Thomas C. Nurre on or before November 1, 1996.

In addition, he requested copies of two judgment entries from his case (request Nos. 2 and 4), and a copy of the document, dated July 30, 1992, indicating "Criminal State Costs Satisfied" (request No. 6).

{¶ 5} There is no indication that Pureval responded to the public-records request. So on May 18, 2017, Harris filed a complaint in the First District Court of Appeals for a writ of mandamus compelling production of the documents, citing both the Ohio Public Records Act, R.C. 149.43, and the Rules of Superintendence for the Courts of Ohio. In addition, he demanded an award of $1,000 in statutory damages, pursuant to R.C. 149.43(C)(2).

{¶ 6} Pureval filed a motion to dismiss. Along with the motion, Pureval submitted the docket from the criminal case as well as pleadings filed therein by Harris, to demonstrate, with respect to request Nos. 1 through 5, that either Harris already had copies of the documents or that no responsive records exist. As for request No. 6, Pureval submitted an affidavit from Scott Sellins, an employee of the Hamilton County Clerk of Courts, attesting that no such document exists.

{¶ 7} Because Pureval attached evidence outside the pleadings to his motion to dismiss, the court of appeals gave notice of its intent to convert the motion into one for summary judgment. After Harris had had an opportunity to be heard, the court of appeals granted summary judgment in favor of Pureval. The court concluded, based on the evidence in the record, that "the relief sought by [Harris] either had been granted or was impossible to grant."

{¶ 8} Harris appealed.

**Legal analysis**

**{¶ 9}** In his first proposition of law, Harris asserts that the court of appeals erred when it failed to award statutory damages for Pureval's delay in responding to his request. Harris brought his claim for statutory damages under the Public Records Act. That statute mandates an award of statutory damages of $100 per business day, up to a maximum of $1,000, if the person has (1) transmitted a written public-records request by hand delivery or certified mail and (2) a court determines that the public office or official failed to comply with an obligation under the act. R.C. 149.43(C)(2). Harris alleges that Pureval's failure to respond to the request in any manner was a violation of Harris's rights under the Public Records Act.

**{¶ 10}** However, the Public Records Act is inapplicable to this case. "Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the *sole* vehicle for obtaining records in actions commenced after July 1, 2009." (Emphasis added.) *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 8. Because the Public Records Act is inapplicable to his request for court records, Harris must seek relief under the Rules of Superintendence.

**{¶ 11}** Under those rules, court records are presumed to be open to public access. Sup.R. 45(A). A person aggrieved by the failure of a court or clerk of courts to comply with the Rules of Superintendence regarding access to court records may pursue an action in mandamus. Sup.R. 47(B); *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 13. But mandamus is the *only* remedy provided by Sup.R. 47(B). The Rules of Superintendence do not authorize statutory damages under any circumstances. *See Cleveland Constr., Inc. v. Villanueva*, 186 Ohio App.3d 258, 2010-Ohio-444, 927 N.E.2d 611, ¶ 18 (8th Dist.), fn. 8.

**{¶ 12}** The court of appeals correctly declined to award statutory damages. We therefore reject Harris's first proposition of law.

**{¶ 13}** In his second proposition of law, Harris challenges the court of appeals' determination that his request was moot and/or impossible to grant. Specifically, he contends that he never received documents responsive to request Nos. 1, 3 and 5, memorializing the assignment of his criminal case to Judge Nurre and/or Judge Schott.

**{¶ 14}** Request No. 1 sought the document from the administrative judge assigning the case to Judge Nurre at the outset of the case. Common pleas court case assignments are randomly generated by computer (and were so assigned in 1991), and therefore no responsive document exists.

**{¶ 15}** In his third request, Harris sought the certificate of assignment signed by the chief justice assigning the case to Judge Schott. Pureval did not address this specific request in his merit brief. It is unclear whether Judge Schott came to be assigned to Harris's criminal case by an order signed by the chief justice or through some other procedure. We grant a writ ordering Pureval to produce the certificate of assignment if one exists or to clarify for the record that no such document exists.

**{¶ 16}** We reject Harris's request that we take judicial notice of our own assignment records, pursuant to Evid.R. 201(D), to determine whether Judge Schott was assigned to preside over Harris's criminal case in or around January 1992. Evid.R. 201(D) requires a court to take judicial notice "if requested by a party and supplied with the necessary information." This court maintains paper copies of certificates of assignment for ten years only, and our electronic database of assignments for Judge Schott goes back only to 1993. We must deny the Evid.R. 201 motion for judicial notice because we have not been supplied with the necessary information to verify the accuracy of the materials sought.

**{¶ 17}** Finally, request No. 5 sought the document by which the case was assigned from Judge Schott, who presided over the trial, back to Judge Nurre, who signed the sentencing entry on Judge Schott's behalf. The record is clear, however,

that the case was *not* reassigned to Judge Nurre. Indeed, the lack of an order reassigning the case to Judge Nurre was the basis for Harris's prior claim that the judgment entry was void. *See State ex rel. Harris*, 139 Ohio St.3d 149, 2014-Ohio-1612, 9 N.E.3d 1057, at ¶ 5. And because no document exists, Harris is not entitled to mandamus relief.

{¶ 18} In sum, we reverse the judgment of the court of appeals in part, and we issue a limited writ of mandamus as to Harris's third request for documents, requiring Pureval to provide responsive records or to clarify that no such records exist, and we affirm the judgment of the court of appeals in all other respects.

Judgment affirmed in part

and reversed in part,

and limited writ of mandamus granted.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

O'DONNELL, J., dissents, and would affirm the judgment of the court of appeals in all respects.

_____

Lionel Harris, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

_____