[Cite as *State ex rel. Isreal v. O'Shaughnessy*, 2020-Ohio-3292.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Michael Isreal, | : | |
| Relator, | : | |
| v. | : | No. 19AP-360 |
| Maryellen O'Shaughnessy, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on June 11, 2020

*Michael Isreal,* pro se.

*Ron O'Brien,* Prosecuting Attorney, *Nick A. Soulas, Jr.,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

NELSON, J.

{¶ 1} This matter comes before us on objections to a magistrate's decision recommending that we deny a writ of mandamus to order the Franklin County Clerk of Courts to provide documents that she says she does not maintain. We will overrule the objections and deny the writ.

{¶ 2} Michael Isreal requested records from the clerk, Maryellen O'Shaughnessy, showing the times when the clerk's online case database and "e-file online sites were down, not accessible to the public, during the month[s] of May 2018, June 2018, July 2018, August 2018, September 2018, October 2018 and November 2018." December 5, 2018 Public Records Request, attached to June 3, 2019 Complaint for Writ of Mandamus. After the clerk had gone close to half a year without responding to his request, Mr. Isreal filed a complaint here seeking a writ of mandamus "to compel Maryellen O'Shaughnessy to

produce the public records in her care concerning the monitoring and record keeping [of] the Franklin County filing system." Complaint at 1-2. We referred the case to a magistrate pursuant to Civil Rule 53 and Local Rule 13(M) of the Tenth District Court of Appeals.

{¶ 3} As evidence, the clerk filed an affidavit from Adam Luckhaupt, who identified himself as the Director of Information Technology at the clerk's office. August 26, 2019 Stipulation of Evidence, Exhibit 1. Mr. Luckhaupt averred that he was "familiar with the operations of the Franklin County electronic filing system," and stated: "The Franklin County Clerk of Courts does not maintain a log of the dates or times the electronic filing system is not operational." *Id.* at ¶ 2-3.

{¶ 4} Mr. Isreal supported his complaint by filing his own affidavit and other material. He described "problems accessing the E-filing System" of the clerk's office: he had received an "ACCESS DENIED pop up" on his computer when attempting to file documents and attempts by deputy clerks "to assist [him] * * * to get access to the e-file system" proved fruitless. October 17, 2019 Isreal Affidavit at ¶ 2. He also asserted, in contradiction of Mr. Luckhaupt, that "[t]he Franklin County Clerk of Courts do[es] maintain (some Logs) of the dates and times the electronic filing System is down for maintenance or outages." *Id.* at ¶ 3, referencing "Exhibit (2)" of his affidavit.

{¶ 5} Mr. Isreal filed some forty pages of documents with the affidavit, and a table of contents, but no "Exhibit 2" is listed or identified among the documents. October 17, 2019 Evidence of Relator Michael Isreal at 1. The second document filed with the affidavit is identified in the table of contents as a "note [given to Mr. Isreal] from [deputy] clerk Kelley." *Id.* This document is referenced in Mr. Isreal's affidavit as Exhibit 1, where he states that "Kelley called and wrote a note for Isreal to contact the IT department." The note bears the phone number and name of an individual ("Jeff Gossman"). October 17, 2019 Evidence of Relator Michael Isreal at 19. Only a few of the phrases jotted down ("screen shot of <u>access denied</u>," "server error countywide," "new link") and a notation that Mr. Gossman was contacted are entirely decipherable from the note.

{¶ 6} After the parties briefed the matter, the magistrate issued the decision appended to this opinion. Mr. Isreal has filed three sets of objections; the final one, filed February 10, 2020, purports to "replace" the others as the "corrected objection motion," and we treat it as the operative set. February 10, 2020 Objection at 1. Pursuant to Civil Rule 53(D)(4)(d), we "undertake an independent review as to the objected matters to ascertain

[whether] the magistrate has properly determined the factual issues and appropriately applied the law." Our independent review leads us to agree with the magistrate that mandamus is not warranted.

{¶ 7} Mr. Isreal first asks that we "renew" the "Memorandum Contra to Respondent's 1-6-2020 Motion" and "Set Aside [the] Magistrate[']s 12-30-2019 Denial Motion." Objection at 1. He also moves this court "to stay proceedings until outstanding public information [is] provided." *Id.* We interpret these requests as asking us to reconsider and to take into account for purposes of the objections the Motion to Stay that Mr. Isreal had filed on December 30, 2019. The clerk had filed a Memorandum Contra to that motion on January 6, 2020, and the magistrate denied it on January 7, 2020. We already have denied as untimely motions by Mr. Isreal to set aside that procedural order. *See* January 28, 2020 Journal Entry. And beyond the bare request to set aside the magistrate's denial, Mr. Isreal provides no argument here for staying judgment. He had requested delay because he has "outstanding un-resolved, Public Information Request[s]" made of the clerk arising from unsuccessful attempts at using the e-filing system in December of 2019. December 30, 2019 Motion to Stay at 2. But these claimed attempted filings came after the period covered by Mr. Isreal's mandamus request. The complaint addresses only records reflecting computer filing downtimes from 2018, and Mr. Isreal has not moved to amend the complaint to enlarge the scope of the requested writ. *See* June 3, 2019 Complaint. We see no reason to revisit the magistrate's denial of the stay and we overrule any request that we do so.

{¶ 8} Mr. Isreal also moves the court to order the "Magistrate [to issue] Finding[s] of Fact and Conclusion[s] of Law," but the magistrate's decision already contains both. Objection at 1. Mr. Isreal identifies no omissions or inadequacies that require that the magistrate revisit either subject. This motion is overruled.

{¶ 9} Mr. Isreal further makes a "Motion: For the Franklin County Government to Stop Using Sup.R. 406 Habit," as he characterizes the clerk's failure to answer his public records requests until sued. *Id.* Rules 44-47 of the Rules of Superintendence for the Courts of Ohio govern court records. There is no such Rule 406. Mr. Isreal may mean to invoke Sup.R. 46, but that rule governs the bulk distribution of court records and its relationship to his records request is not clear. *See* Sup.R. 46(A)(1)(a) ("Any person, upon request, shall receive bulk distribution of information in court records, provided that the bulk

distribution does not require creation of a new compilation."). The clerk's obligation to respond to records requests under the Rules is not contingent on being sued, but within the context of this mandamus action we overrule the motion.

{¶ 10} The remainder of Mr. Isreal's filing contains another affidavit from him, along with previously filed documents and a memorandum "in support of the foregoing" that contains a motion for the court "to consider the newly discovered evidence showing [the clerk] does maintain the records of when the e-file system was down in 2018 according to the data center report." *See* Objection at 2-23. That memorandum attaches what purports to be a published statement from Franklin County Auditor Michael Stinziano, in his capacity as the Secretary and Chief Administrator of the Automatic Data Processing Board, announcing the appointment of Adam Frumkin as the Chief Information Officer overseeing the Franklin County Data Center. Exhibit A to January 22, 2020 Memorandum. The announcement accompanies a handout providing "background" about the Data Center. *Id.* at 6. Mr. Isreal has underlined the following statements: "The Data Center is responsible for acquiring, maintaining and coordinating the use of IT equipment, software and services throughout Franklin County government agencies"; and "The Data Center delivers countywide information technology services to county agencies, courts and commissions as well as policy and standards management, technology lifecycle investment planning and data privacy and security management." *Id.* Following this background is what seems to be a select portion of the Data Center's "2018 Operations Report," stating that it is submitted as required by R.C. 307.845. *Id.* at 9. Mr. Isreal has highlighted the following statement in the report: "During 2018, on the content management software tool's based servers and sites, there were only 23 counted downtimes with an uptime of 99.9%." *Id.* at 11. The documents identify the clerk as one of the eight members of the Franklin County Automatic Data Processing Board. *Id.* at 8.

{¶ 11} Mr. Isreal thus proffers the Data Center's report as evidence to rebut the assertion in Mr. Luckhaupt's affidavit that the clerk does not maintain the sort of records that Mr. Isreal had requested. Putting aside any evidentiary deficiencies regarding the report, the Data Center's boast about limited 2018 downtime for "the content management software tool[-]based servers and sites" does not rebut Mr. Luckhaupt's affidavit attesting that: "The Franklin County Clerk of Courts does not maintain a log of the dates or times the electronic filing system is not operational." Mr. Luckhaupt identifies himself as an

employee of the clerk's office, not of the Data Center; and it is the clerk, not the official who oversees the Data Center, from whom Mr. Isreal requested documents and whom he named in his complaint as the object of the requested writ. *See* R.C. 307.844 (stating that the "county auditor shall be the chief administrator of the county automatic data processing board" and the "auditor or his deputy shall supervise the operation of the automatic data processing center").

{¶ 12} The clerk's status as a member of the Automatic Data Processing Board is required by statute. *See* R.C. 307.84 ("The board shall consist of * * * the clerk of the court of common pleas," among other officials). However, her responsibilities in this role do not include the maintenance of records and do not require the clerk's office to maintain board records as part of its function. R.C. 307.842 enumerates the "[p]owers and duties of [the] board"; the board "shall coordinate the use of all automatic or electronic data processing or record-keeping equipment, software, or services in use throughout the county offices at the time the board is established." R.C. 307.842. The board may "authorize any county office to contract for automatic or electronic data processing or record-keeping services, or operate or acquire automatic or electronic data processing or record-keeping equipment," and it may "establish an automatic data processing center which shall provide a centralized system for the use of automatic or electronic data processing or record-keeping equipment, software, or services for all county offices." *Id.* It is the auditor, not the clerk, who "supervises the operation of the automatic data processing center." R.C. 307.844.

{¶ 13} Mr. Isreal has not shown that the clerk keeps the records he seeks. The clerk's office attests that it does not keep such records, and our purview in this case does not extend to whether such record-keeping might be appropriate and desirable. Mr. Isreal has failed to establish that the clerk "is under a clear legal duty to perform the acts" requested (that is, to furnish the records of system outages that her office avers it does not maintain). Therefore, he is not entitled to the writ. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983); *see also State ex rel. Driscoll v. Jeffery*, 158 Ohio St. 43, 44 (1952) (denying writ sought to compel clerk of court to assign cases because clerk did not have such duty; county judges had "chosen the method authorized" by statute, "thus vesting in an assignment commissioner the duties of assigning all cases for trial and relieving the clerk of court of those duties"). We overrule his objections to the magistrate's decision, and we adopt that decision as ours.

{¶ 14} Finally, we deny a series of motions asserted in Mr. Isreal's February 20, 2020 filing, in which he purports to assert an "abuse of process claim against Franklin County, Ohio," argues that Mr. Luckhaupt's affidavit was submitted in bad faith, and seeks judgment on the pleadings under Civ.R. 12(C). The argument concerning Mr. Luckhaupt's affidavit rests entirely on the Data Center's report we have discussed, and Mr. Isreal presents no discernible legal argument in support of the other two motions.

{¶ 15} We overrule the motions and deny the requested writ.

*Objections overruled and motions denied; writ denied.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

———————————

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Michael Isreal, | : | |
| Relator, | : | |
| v. | : | No. 19AP-360 |
| Maryellen O'Shaughnessy, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 29, 2020

*Michael Isreal,* pro se.

*Ron O'Brien,* Prosecuting Attorney, *Nick A. Soulas, Jr.,* for respondent.

## IN MANDAMUS

{¶ 16} Relator, Michael Isreal, has filed this original action seeking a writ of mandamus ordering respondent, Maryellen O'Shaughnessy, the Franklin County Clerk of Courts, to comply with his request for court records made pursuant to Sup.R. 45(B).

Findings of Fact:

{¶ 17} 1. Respondent is a public official serving as the clerk of courts for Franklin County, Ohio.

{¶ 18} 2. Respondent maintains her principal place of business in Franklin County.

{¶ 19} 3. Jurisdiction and venue for an original action in mandamus lie with this court pursuant to the Ohio Constitution, Article IV, Section 3(B)(1)(b), R.C. 2731.02, and Sup.R. 47(B).

{¶ 20} 4. Relator submitted to respondent a records request seeking records establishing times when the Franklin County Case Management System and online E-Filing System were inaccessible to the public during certain periods in 2018.  The records request was filed on December 5, 2018.

{¶ 21} 5.  The evidence does not reveal any response from respondent's office to the initial court records request.

{¶ 22} 6. Relator's request for court records is prompted by difficulties he experienced in filing documents in other litigation.  Previous public records requests under R.C. 149.43 and subsequent appeals have been unavailing.  *Isreal v. Judge Holbrook*, Court of Claims Case No. 2018-00190PQ (Mar. 29, 2018 Decision); *Isreal v. Judge Holbrook,* 10th Dist. No. 18AP-309 (Jan. 7, 2019) (Journal Entry Denying Reconsideration).

{¶ 23} 7.  Relator filed his complaint in mandamus with this court on June 3, 2019.

{¶ 24} 8.  Respondent filed her answer on July 3, 2019.  The answer contained a prayer that the action be dismissed, and that respondent recover costs incurred in defending the action.

{¶ 25} 9. Because respondent's answer and prayer for dismissal was unsupported by memorandum, it was not submitted as a motion to dismiss.

{¶ 26} 10. The magistrate entered an order on August 15, 2019 setting the case schedule and providing for evidentiary submissions on or before August 26, 2019.

{¶ 27} 11. On September 16, 2019, the magistrate modified the scheduling order extending the evidentiary cutoff until October 16, 2019, and extending the briefing schedule accordingly.

{¶ 28} 12.  Respondent filed for certified evidence on August 26, 2019, consisting of the affidavits of Adam Luckhaupt.  The affidavit provides as follows:

> I, Adam Luckhaupt, being duly cautioned and **SWORN**, hereby state the following:
>
> [One] I am more than 18 years of age, I have personal knowledge of all of the facts contained in this Affidavit, and I am competent to testify to the matters contained herein.
>
> [Two] I am employed by the Franklin County Clerk of Courts, Maryellen O'Shaughnessy as the Director of Information Technology. In that capacity, I am familiar with the operations of the Franklin County electronic filing system.

> [Three] The Franklin County Clerk of Courts does not maintain a log of the dates or times the electronic filing system is not operational.

(Emphasis sic.)

{¶ 29} 13.  Relator filed his evidence on October 16, 2019, consisting of his affidavit providing as follows:

> I, Michael Isreal, being asked under Oath, hereby state the following:
>
> [One] I am a free United States of America male citizen, 65 years of age with all of the United Constitution privileges and rights afforded to me. I have personal knowledge of all of the facts contained in this Affidavit, and I am competent to the matters contained herein.
>
> [Two] I have been having documented and witnessed problems accessing the E-filing System to file documents online and on the Appeals Clerk's computer. Note: Appeals Clerks Tammy and Kelley tried to assist Isreal in the clerk's office to get access to the e-file system after seeing the ACCESS DENIED pop up on Isreal's computer. (Kelley called and wrote a note for [I]sreal to contact the IT department. See Exhibit (1).
>
> [Three] The Franklin County Clerk of Courts do maintain (some Logs) of the dates and times the electronic filing System is down for maintenance or outages. See Exhibit (2).
>
> [Four] Mary Ellen O'Shaughnessy has not responded to the (following): Michael Isreal's Public Information Request Exhibits (A and B) as of October 16, 2019, according to Ohio Revised Code 149.43 (B) 7 (A) and (b) as mentioned on the County's website exhibit (B).
>
> A. December 05, 2018, Public Information Request filed and time stamped at-with the Clerk of Appeals Asking "I am requesting a record when the Franklin County case online and the e-file online sites were down not accessible to the public during the month of May 2018, June 2018, July 2018, August 2018, September 2018, October 2018, and November 2018. Michael Isreal Request a response within (30) days. If you need further clarification to help fulfill the request please call [I]sreal at: * * * for more information or send your request to * * *. Request made (10 Months ago).

> B. June 16, 2019, Public Information Request filed online with the Appeals Clerk and hand delivered to the Appeals clerk. (10 Months ago), Revisited (6 Months ago).

{¶ 30} 14. Attached to relator's affidavit is the printout record of his own E-filing attempts under his E-filing account, both successful and unsuccessful, through the clerk's E-filing system.

{¶ 31} 15. Relator filed a brief on December 2, 2019, another brief on December 26, 2019, and a corrected brief on December 27, 2019.

{¶ 32} 16. Respondent filed her brief on December 19, 2019.

{¶ 33} 17. Relator filed a motion for stay of proceedings on December 30, 2019, which the magistrate denied by entry on January 7, 2020.

{¶ 34} 18. The matter was set for submission on January 24, 2020.

{¶ 35} 19. Relator filed further documents on January 9, 21, 22, and 23, 2020. His January 21 and 22, 2020 filings were duplicative motions pursuant to Civ.R. 53(D)(2)(b) to set aside the magistrate's January 7, 2020 denial of a stay. The court denied the motion to set aside by entry dated January 28, 2020. The January 9 and 23, 2020 filings reflected renewed attempts to file public information requests with respondent. The latter filings are not pertinent to the present mandamus action, which concerns relator's prior court records requests.

Conclusions of Law:

{¶ 36} To obtain a writ of mandamus from this court, relator must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 37} The magistrate first notes that Ohio's Public Records Act, R.C. 149.43, is inapplicable to this case because "Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the sole vehicle for obtaining such records in actions commenced after July 1, 2009." *State ex rel. Village of Richfield v. Laria,* 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 8.

{¶ 38} Under the rules of superintendence, court records are presumed to be open to public access. Sup.R. 45(A). A person aggrieved by the failure of the court or clerk of

courts to comply with this access to court records may pursue an action in mandamus. Sup.R. 47(B); *State ex rel. Cincinnati Enquirer v. Lyons,* 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 13. Compliance with record access is the only remedy available through mandamus through Sup.R. 47(B), and the rules of superintendence do not authorize statutory damages such as may be obtained in statutory public records cases. *State ex rel. Harris v. Pureveal,* 155 Ohio St.3d 343, 2018-Ohio-4718, ¶ 11.

{¶ 39} The affidavit submitted by respondent is evidence that respondent simply does not possess a record providing a history of electronic case filing system outages. The clerk has no duty in a Sup.R. 45(B) action to create or provide access to non-existent records. *State ex rel. Striker v. Smith,* 129 Ohio St.3d 168, 2011-Ohio-2878, ¶ 25. Relator's affidavit establishes that his personal E-filing account allows him to ascertain when his own filings were rejected. This does not contradict respondent's assertion that her office maintains no record of *generalized* case filing system outages. The magistrate takes judicial notice of the readily ascertainable fact that individual failures to file may not reflect outages in the case filing system that affect all users.

{¶ 40} It is therefore the magistrate's decision that relator has not established a clear legal right to receive the requested documents, nor a clear legal duty from respondent to furnish the documents. Relator's petition for a writ of mandamus to compel respondent to comply with his Sup.R. 45(B) request is therefore denied. Respondent's prayer to have the action dismissed, to the extent it was intended as a motion to dismiss under Civ.R. 12(B)(6), is denied as moot, and respondent's prayer seeking to recover costs is denied.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).