[Cite as *State ex rel. Ware v. Kurt*, 2021-Ohio-2025.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO EX REL. KIMANI
WARE

    Relator

    v.

SANDRA KURT, SUMMIT COUNTY
CLERK OF COURTS

    Respondent

C.A. No.      29622

ORIGINAL ACTION IN
MANDAMUS

Dated: June 16, 2021

PER CURIAM.

{¶1} Relator, Kimani Ware, filed a petition for a writ of mandamus to compel Summit County Clerk of Court Sandra Kurt to respond to his public records request. Ms. Kurt filed an answer and moved for summary judgment. Mr. Ware also moved for summary judgment. Ms. Kurt attached evidence to her motion for summary judgment showing that, after receipt of Mr. Ware's petition, she responded to the public records request.

{¶2} According to Mr. Ware's complaint, in January 2019, he mailed an envelope containing ten public records requests to the Summit County Clerk of Court's Office. He requested numerous documents including information related to employees, grand jury reports, oaths of office, Clerk's Office policies, budget information, dockets for a specific judge, and a transcript from a specific case.

{¶3} In December 2019, after not receiving a response to his request, Mr. Ware filed this mandamus action pursuant to R.C. 149.43. Ms. Kurt filed an answer and a motion for

summary judgment. According to the motion for summary judgment, about one month after this action was filed, an assistant Summit County Prosecutor sent a letter to Mr. Ware indicating that she became aware of his public records requests because they were attached to the petition. She also provided documents responsive to many of his requests and explained why she was unable to respond to others.

{¶4} In her motion for summary judgment, Ms. Kurt argued the matter was moot because she responded to Mr. Ware's request. She also argued that she timely responded to the request as soon as she was aware of it, and that her office had responded to several other requests from Mr. Ware after January 2019. Mr. Ware also moved for summary judgment. He argued that he was entitled to statutory damages of $1,000 per request because of Ms. Kurt's delay in responding to his requests.

{¶5} This Court initially dismissed this action because, according to a review of the docket, Mr. Ware had not complied with the mandatory requirements of R.C. 2969.25. Mr. Ware moved to vacate that judgment and provided a time-stamped copy of the missing document. Upon review, we granted his motion to vacate, deemed the document he attached to be timely filed, and reactivated the case. This matter is now before the Court for decision.

{¶6} Ms. Kurt moved for summary judgment on Mr. Ware's claim. To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather,

the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

*Public Records and Mandamus Relief*

**{¶7}** Mr. Ware filed his complaint seeking relief pursuant to R.C. 149.43. The Ohio Supreme Court "has stated in numerous cases since the promulgation of Sup.R. 44 through 47 [that] a court must first address the threshold issue whether the petitioner has sought the requested documents through the correct vehicle, either R.C. 149.43 or Sup.R. 44 through 47." *State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Committee*, 159 Ohio St.3d 211, 2019-Ohio-5157. According to the Supreme Court, the "vehicle used dictates not only the documents that are available to the relator and the manner in which they are available but also the remedies available to the relator should the relator be successful." *Id.*

**{¶8}** The Supreme Court adopted Sup.R. 44 through 47 to resolve public-records requests for court records. *Id.* at ¶ 16. Following adoption of these rules, the Supreme Court has held that the threshold question in public-records cases is whether the statute or Rules of Superintendence apply to the request. *Id.* at ¶ 19. This Court must make this inquiry even if the issue is not raised by the parties. *Id.* at ¶ 20. "If a party seeks to obtain judicial records through means other than Sup.R. 44 through 47, the party is not entitled to a writ of mandamus, as the Rules of Superintendence are the sole vehicle by which a party may seek to obtain such records." *Id.*

**{¶9}** The Supreme Court has explained the procedure to determine whether the statute or Rules of Superintendence apply to the request:

> Generally, if the records requested are held by or were created for the judicial branch, then the party seeking to obtain the records must submit a request pursuant

to Sup.R. 44 through 47. *See* Sup.R. 44(B) (defining "court record" as including case documents and administrative documents); Sup.R. 44(C)(1) (defining "case document" generally as a document "submitted to a court or filed with a clerk of court in a judicial action or proceeding"); Sup.R. 44(G)(1) (defining "administrative document" generally as a document "created, received, or maintained by the court to record the administrative, fiscal, personnel, or management functions, polices, decisions, procedures, operations, organization, or other activities of the court"); *Husband* at ¶ 6.

*Parisi* at ¶ 21. If a party requests documents using the wrong vehicle, "the party is not entitled to the requested records in that action." *Id.*

<u>*R.C. 149.43 or Sup.R. 44 – 47*</u>

{¶10} We must determine whether R.C. 149.43, the vehicle Mr. Ware chose to enforce his right to public records, applies to the records he requested. Upon review of his request, we determine that the statute applies to only one of his requests.

{¶11} Mr. Ware submitted multiple requests seeking a variety of documents, including, for example:

1. Calendars for the clerk of courts and one staff member for a two-week period in 2019;
2. Employee time records for the clerk of courts and one staff member;
3. Meeting notices for the clerk of courts office;
4. Disposal of obsolete records forms for 2018;
5. Performance evaluation of the clerk of courts and one staff member;
6. Travel expense records of clerk of courts and one staff member;
7. Oath of office for one clerk of courts staff member;
8. 2018 grand jury reports recorded in the clerk of courts office;
9. Summit County Sheriff oath recording in the clerk of courts office;
10. Clerk of courts nepotism policy;
11. Roster of clerk of courts employees;
12. Personnel files of clerk of courts and one staff member;
13. Grand jury schedule sheets for "December 1, 2019 [sic.] [t]hru January 14, 2019";
14. Handbook/manual for employees of the clerk of courts office;
15. Records retention schedule for 2016;
16. Oath of office of Sandra Kurt;
17. Clerk of courts public records policy; and
18. Certificate of disposal form for destruction of clerk of courts employee personnel files and financial records.

{¶12} Mr. Ware made requests for almost 20 more documents similar to those outlined above, from additional disposal certificates to requests for time records, grants received by the clerk of courts, dockets for a specific judge, clerk of courts dress code policy, clerk of courts cash handling policy, clerk of courts sick leave policy, and the oath of office for a specific judge that is recorded in the clerk of courts' office. Unlike all of the other requests, Mr. Ware, in Request 34, sought a transcript of an exhibit that was filed in his criminal appeal; this request will be addressed separately below.

{¶13} According to the Supreme Court, our first step must be to determine the proper vehicle for the request. *Parisi* at ¶ 21. "Generally, if the records requested are held by or were created for the judicial branch, then the party seeking to obtain the records must submit a request pursuant to Sup.R. 44 through 47." *Id.* Upon review of the list of documents Mr. Ware requested, we conclude that the records, except for Request 34, fall within the scope of Sup.R. 44 through 47. The various requests for policies, schedules, manuals, and employee information for the clerk of courts fall "squarely within the definition of administrative records in Sup.R. 44(G)(1)." *State ex rel. Perry v. Cleveland Hts. Mun. Clerk of Courts*, 8th Dist. Cuyahoga No. 109916, 2020-Ohio-5193, ¶ 7. The other records he requested fall under Sup.R. 44(B) as court records, including case and administrative documents.

{¶14} We conclude, as did the Eighth District in *Perry*, that it "is clear from the nature of the documents requested that they fall under the provisions of the Rules of Superintendence for access to court records. Therefore, [Mr. Ware's] claims alleged in his complaint entirely premised on the Public Records Act must fail." *Id.* at ¶ 9. Summary judgment is granted to Respondent as to all requests except Request 34.

*Request 34*

{¶15}  Mr. Ware's Request 34 was for a transcript of the 911 tape from his criminal case. This document falls under the statute and, therefore, mandamus relief pursuant to R.C. 149.43 is the appropriate vehicle to challenge Respondent's failure to provide it.  R.C. 149.43(B)(8) limits the right of inmates to access certain records.  When a person is incarcerated, like Mr. Ware, and that person requests public records from his case, the sentencing judge, or his successor, must authorize the release of the records.

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8).

{¶16}  This provision requires the sentencing court to first determine that the information sought in the public record is necessary to support a justiciable claim.  Ms. Kurt answered the request for this document by noting that she did not have documents responsive to this request. Even if she did, however, the docket and pleadings demonstrate that Mr. Ware is an inmate and that he has not obtained a finding from his sentencing judge, or successor in office, under R.C. 149.43(B)(8).  Because an inmate who seeks a public record related to his criminal case cannot compel the production of the public record without a finding by the sentencing judge that the record supports a valid claim, Ms. Kurt is entitled to summary judgment.  *State ex rel. Ware v. Giavasis*, Slip Opinion No. 2020-Ohio-5453.

*Statutory Damages*

**{¶17}** Mr. Ware sought an award of statutory damages pursuant to R.C. 149.43. As outlined above, the Rules of Superintendence, not R.C. 149.43, govern the procedure for all of the requested documents except for Request 34. The Rules of Superintendence do not authorize statutory damages under any circumstances. *State ex rel. Harris v. Pureval*, 155 Ohio St.3d 343, 2018-Ohio-4718, ¶ 11. Accordingly, Mr. Ware is not entitled to statutory damages for those documents.

**{¶18}** As to Request 34, which does fall under the statutory framework, Mr. Ware is not entitled to damages. "A person requesting public records is entitled to an award of statutory damages 'if a court determines that the public office or the person responsible for [the] public records failed to comply with an obligation in accordance with division (B) of this section.' R.C. 149.43(C)(2)." *State ex rel. McDougald v. Sehlmeyer*, 162 Ohio St.3d 94, 2020-Ohio-3927. Because Ms. Kurt did not fail to comply with an obligation in accordance with R.C. 149.43(B), Mr. Ware is not entitled to statutory damages.

*Conclusion*

**{¶19}** Respondent's motion for summary judgment is granted. Because it was the filing of this action that prompted a response to Mr. Ware's public records request, however, no costs are taxed.

**{¶20}** The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

KIMANI WARE, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting
Attorney, for Respondent.