[Cite as *Sell v. Trumbull Cty. Court of Common Pleas*, 2023-Ohio-1174.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JAMIE L. SELL | Case No. 2022-00867PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>JUDGMENT ENTRY</u> |
| TRUMBULL COUNTY COURT OF COMMON PLEAS | |
| Respondent | |

{¶1} On February 14, 2023, upon Requester's Complaint seeking court records about a criminal trial that was held in 2017, a Special Master recommended dismissal of this case for lack of subject-matter jurisdiction. Ten days later, on February 24, 2023, Respondent moved for an order of dismissal for lack of jurisdiction.

{¶2} The jurisdiction of the Court of Claims "is limited by statute and specifically confined to the powers conferred by the legislature." *State ex rel. DeWine v. Court of Claims of Ohio*, 130 Ohio St.3d 244, 2011-Ohio-5283, 957 N.E.2d 280, ¶ 21. Through R.C. 2743.75 and 2743.03(A)(3)(b) the General Assembly has granted jurisdiction to the Court of Claims to resolve disputes alleging a denial of access to public records in violation of R.C. 149.43(B). *See* R.C. 2743.75(A)(1) and 2743.03(A)(3)(b); *see also Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. Under R.C. 2743.75(A)(1), except for a court that hears a mandamus action pursuant to R.C. 149.43, the Court of Claims is the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of R.C. 149.43. R.C. 2743.75(A)(1). Pursuant to R.C. 2743.75(D)(2), "[n]otwithstanding any provision to the contrary in [R.C. 2743.75], upon the recommendation of the special master, the court of claims on its own motion may dismiss [a] complaint at any time."

Thus, in this instance, under R.C. 2743.75(D)(2), this Court may on its own motion dismiss Requester's complaint at any time upon the Special Master's recommendation.

{¶3} The Supreme Court of Ohio has instructed: "'Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the *sole* vehicle for obtaining records in actions commenced after July 1, 2009.'" (Emphasis sic.) *State ex rel. Harris v. Pureval*, 155 Ohio St.3d 343, 2018-Ohio-4718, 121 N.E.3d 337, ¶ 10, quoting *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 8. Because the Ohio Public Records Act is inapplicable to a request for records of a court proceeding that was held in 2017, Requester is required to seek relief under the Rules of Superintendence. *See State ex rel. Harris* at ¶ 10. Pursuant to Sup.R. 47(B), "[a] person aggrieved by the failure of a court or clerk of court to comply with the requirements of Sup.R. 44 through 47 may pursue an action in mandamus pursuant to [R.C. Chapter 2731]"). The Tenth District Court of Appeals, however, has stated that "it is * * * clear under Ohio law that the Court of Claims, a court of limited jurisdiction, lacks statutory jurisdiction to consider mandamus." *Rose v. Ohio Dept. of Rehab. & Correction*, 173 Ohio App.3d 767, 2007-Ohio-6184, 880 N.E.2d 508, ¶ 23 (10th Dist.).

{¶4} Wherefore, the Court finds the Special Master's recommendation for dismissal is well taken. Pursuant to R.C. 2743.75(D)(2), the Court sua sponte DISMISSES Requester's Complaint without prejudice. The Court DENIES, as moot, Respondent's motion of February 24, 2023. Court costs are assessed to Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

Filed March 16, 2023
Sent to S.C. Reporter 4/7/23