[Cite as *Knapp v. Lorain Cty. Domestic Court Juvenile Div.*, 2023-Ohio-3621.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| AARON CHRISTOPHER KNAPP | Case No. 2023-00580PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>JUDGMENT ENTRY</u> |
| LORAIN COUNTY DOMESTIC COURT JUVENILE DIVISION | |
| Respondent | |

{¶1} On September 7, 2023, pursuant to R.C. 2743.75(D)(2), a Special Master issued a Recommendation Of Dismissal, recommending dismissal of this case for lack of subject matter jurisdiction because Requester seeks court records.[1] The Court concludes that Requester's Complaint should be dismissed for reasons other than lack of subject matter jurisdiction.

{¶2} In this case, Requester seeks the following from Respondent:

Requestor would ask for any emails that were submitted to the court by the Lorain Police Department in regards to the employment of Crossroads Therapist Aaron C Knapp. Requestor also would request copies of any emails in regards to Aaron C Knapp's employment as a contract therapist with the Crossroads Track A program. Requestor would request any emails between the juvenile court and the Lorain Police in regards to Aaron C Knapps employment or affliation [sic] with the courts. Requestor is the subject of the emails and requests under Sunshine Law. Any communications made to or sent by Tim Weitzel (Juv Court Administrator) referencing "Aaron Knapp" or "repairing a relationship with Lorain Police".

---

[1] Pursuant to R.C. 2743.75(D)(2), "[n]otwithstanding any provision to the contrary in [R.C. 2743.75], upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time."

(Public Records Request dated August 5, 2023, attached to Complaint; Recommendation of Dismissal, 1.)

{¶3} A review of Requester's Complaint (and attachments) discloses that Requester has failed to disclose the date(s) or range of dates of the requested records. A review of the Special Master's Recommendation Of Dismissal does not identify the date(s) or range of dates of the requested court records.

{¶4} "The threshold issue in public-records cases is whether the Public Records Act or the Rules of Superintendence govern the request." *State ex rel. Ware v. Kurt*, 169 Ohio St.3d 223, 2022-Ohio-1627, 203 N.E.3d 665, ¶ 10, citing *State ex rel. Parisi v. Dayton Bar Assn. Certified Griev. Commt.*, 159 Ohio St.3d 211, 2019-Ohio-5157, 150 N.E.3d 43, ¶ 19. In *Kurt*, the Ohio Supreme Court directed:

> The Public Records Act requires a public office to make copies of public records available to any person on request, within a reasonable period. R.C. 149.43(B)(1). But when a requester seeks public records from a court, the Rules of Superintendence generally apply. *Parisi* at ¶ 21-27 (the Rules of Superintendence apply to requests for documents in attorney-discipline cases); *State ex rel. Parker Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, 154 N.E.3d 57, ¶ 11-15 (the Rules of Superintendence apply to access case documents only in cases commenced on or after July 1, 2009).

*Kurt* at ¶ 11.

{¶5} Pursuant to Sup.R. 47(A)(1), "[a]ccess to case documents in actions commenced prior to July 1, 2009, shall be governed by federal and state law." In this instance, if Requester seeks access to court records in actions commenced before July 1, 2009, then Requester's request would be governed by federal law and state law, which includes the Ohio Public Records Act. *See State ex rel. Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, 154 N.E.3d 57, ¶ 12 (Rules of Superintendence are inapplicable to a request for court records involving a proceeding commenced in 2006). In such an instance, Requester ostensibly has raised a cause of action cognizable by this forum in his Complaint because this Court has statutory jurisdiction to resolve disputes alleging a

denial of access to public records in violation of the Ohio Public Records Act.[2]  *See Nichelle Harvey*, Ct. of Cl. Nos. 2023-00252PQ and 2023-00253 (June 13, 2023).

{¶6} In *Harvey*, after a requester sought court records, a special master issued a Recommendation To Dismiss, recommending dismissal of the cases for lack of subject matter jurisdiction.  The Court adopted the recommendation for dismissal but for reasons other than a lack of subject-matter jurisdiction.  The Court recognized in *Harvey* that under Sup.R. 47(A)(1) "[a]ccess to case documents in actions commenced prior to July 1, 2009, shall be governed by federal and state law" and if the requester sought access to case documents in actions commenced before July 1, 2009, then the requester's request would be governed by federal law and state law, which includes the Ohio Public Records Act.

{¶7} Thus, applying *Harvey*, when determining whether the Ohio Public Records Act or the Rules of Superintendence should govern a public-records request for court records, consideration should be given to whether the request pertains to court records in actions commenced before July 1, 2009, or after July 1, 2009.  In this instance, neither the Complaint nor the Recommendation Of Dismissal identifies the date, or dates, that pertain to the court records that are sought.

{¶8} Under Ohio law, a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence."  *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).  *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-

---

[2]  The General Assembly has conferred statutory jurisdiction upon this Court to resolve disputes alleging a denial of access to public records in violation of the Ohio Public Records Act.  *See* R.C. 2743.75.  Under R.C. 2743.75(A)(1), except for a court that hears a mandamus action pursuant to R.C. 149.43, the Court of Claims is the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of R.C. 149.43.  *See* R.C. 2743.75(A)(1).  And pursuant to R.C. 2743.03(A)(3)(b), the Court of Claims has exclusive, original jurisdiction under R.C. 2743.75 to hear complaints alleging a denial of access to public records in violation of R.C. 149.43(B) regardless of whether the public office or person responsible for public records is an office or employee of the state or of a political subdivision.  *See* R.C. 2743.03(A)(3)(b).  *See generally Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11.

If Requester seeks case documents for cases that commenced after July 1, 2009, then Sup.R. 44 through 47 are the sole vehicle for obtaining records.  *State ex rel. Harris v. Pureval*, 155 Ohio St.3d 343, 2018-Ohio-4718, 121 N.E.3d 337, ¶ 10.  *Accord Fairley v. Cuyahoga Cty. Prosecutor*, Ct. of Cl. No. 2019-00955PQ, 2020-Ohio-1425, ¶ 16, *adopted by, objection overruled by, judgment entered by Fairley v. Cuyahoga Cty.*, 2020-Ohio-1426, 2020 Ohio Misc. LEXIS 28 (Ohio Ct. Cl., Mar. 12, 2020).

Ohio-5371, 170 N.E.3d 768, ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8. And a complainant's "burden of production" under R.C. 2743.75 "is to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins* at ¶ 33.

{¶9} Upon independent review, the Court finds that in this case Requester has failed to identify with reasonable clarity the court records that Requester seeks. *See State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001) (request for "any and all records generated * * * containing any reference whatsoever to [a person]" constituted a failure in a duty to identify the records with sufficient clarity). Consequently, Requester has failed to establish an entitlement to relief by clear and convincing evidence. The Court therefore determines that dismissal of Requester's Complaint is warranted.

{¶10} Accordingly, pursuant to R.C. 2743.75(D)(2), and upon the Special Master's recommendation, the Court sua sponte dismisses Requester's Complaint but for reasons other than lack of subject matter jurisdiction. Court costs are assessed against Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed September 14, 2023**
**Sent to S.C. Reporter 10/5/23**